**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

ARCHITECTS COLLECTIVE, )
)
Plaintiff, )
)
vs. ) NO. CIV-08-1354-D
)
GARDNER TANENBAUM GROUP, L. L. C., )
and THE BENHAM COMPANIES, L. L. C., )
)
Defendants. )

**ORDER**

Before the Court is the Motion to Dismiss [Doc. No. 13] filed by The Benham Companies, L. L. C. ("Benham"). Defendant Gardner Tanenbaum Group, L. L. C. ("Gardner") has also filed a Motion to Dismiss [Doc. No. 14]; in support thereof, it expressly adopts the arguments and authorities set forth in Benham's brief. Plaintiff filed a response in objection to both motions, and Benham filed a reply.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Benham and Gardner argue that the conversion and breach of contract or tortious interference with contract claims asserted by Plaintiff fail to state claims upon which relief may be granted. They further ask the Court to direct Plaintiff to plead a more definite statement in support of its copyright infringement claim. Finally, Defendants ask the Court to stay this litigation pending the resolution of a lawsuit in the District Court of Oklahoma County; they contend the adjudication of that lawsuit will resolve the issues raised in this action.

Background:

According to the allegations in the Complaint, Plaintiff holds a copyright covering certain "instruments of service" related to the design and development of a multifamily development project

to be constructed in Oklahoma City. Plaintiff alleges that it had a contract with Gardner to provide services "for the design and plans development" for the planned project; Gardner was apparently given copies of the copyrighted instruments of service in order to perform its work pursuant to the contract. Complaint at ¶¶ 6-7, 14. Plaintiff further alleges that, without Plaintiff's authorization, Gardner provided copies of the copyrighted material to Benham; Plaintiff alleges that Defendants' conduct in copying that material constitutes copyright infringement.[1] *Id.* at ¶ 14-16. Based on this conduct, Plaintiff asserts three causes of action against Gardner and Benham: 1) copyright infringement; 2) conversion; and 3) breach of contract/tortious interference. The causes of action are asserted against Defendants collectively.

Prior to the filing date of this action, Gardner filed suit in the District Court of Oklahoma County, Case No. CJ-07-7216, against Plaintiff and another defendant, alleging causes of action based on breach of contract and negligence (the "state court action"). A copy of the Amended Petition filed in the state court action is attached to Benham's motion as Exhibit 1. Plaintiff has asserted a counterclaim in the state court action, a copy of which is attached to Benham's motion as Exhibit 2. According to Benham, the counterclaim in the state court action asserts the same allegations as those included in the Complaint filed in this lawsuit, a contention which Plaintiff disputes.

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

Defendants' primary argument in support of dismissal is the contention that the Complaint fails to state a claim for relief based on conversion, breach of contract, and tortious interference with a contract. Where a motion to dismiss for failure to state a claim is presented, the court must

---

[1]The Complaint does not explain the roles of Plaintiff, Gardner, and Benham in the work to be performed on the multifamily project.

construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Construction, Inc. v. Shawnee Civil and Cultural Development Authority*, 933 F.2d 853 (10th Cir. 1991). All well-pleaded allegations in the complaint must be taken as true. *Id.* at 855. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* ,550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247.

When considering the sufficiency of a complaint or petition, the Court considers only "well pleaded" allegations; conclusory allegations not supported by factual contentions are insufficient to state a claim on which relief can be granted. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[2] *Whitney v. State of New Mexico*, 113 F. 3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

---

[2]These decisions address the sufficiency of allegations contained in a *pro se* litigant's complaint which must, of course, be more liberally construed than a complaint drafted by an attorney. At a minimum, the same rules apply in this case, as the Complaint was drafted by an attorney.

In response to Defendants' motions, Plaintiff contends that dismissal is proper only where it "appears beyond doubt that Plaintiff can prove no set of facts in support of a claim for relief." Response at p. 2. Although that was formerly the correct standard for assessing a Rule 12(b)(6) motion to dismiss under *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the Supreme Court rejected that standard in its 2007 decision in *Twombly*. Instead, to avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly,*550 U. S. at 570.

Plaintiff also argues its Complaint is sufficient because it is required only to assert a short and plain statement of its claims, according to Fed. R. Civ. P. 8(a). Plaintiff contends it has done so. "The rule requires litigants to draft complaints that 'give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)). That Rule 8 requires a "short and plain statement" does not, however, relieve a litigant from the reach of Rule 12(b)(6), as the "short and plain statement" must necessarily include sufficient factual allegations to satisfy the requirements of *Twombly* and show that relief is plausible. *Robbins*, 519 F. 3d at 1247-48.

Plaintiff' also repeatedly states that the Complaint is adequately drafted because the factual basis for its claims can be inferred from the allegations. Plaintiff's argument must be rejected. Although *Twombly* does not alter the requirement that the Court assume the truth of the factual allegations and construe "all reasonable inferences therefrom" in favor of the plaintiff, *Dias v. City*

*and County of Denver*, 567 F. 3d 1169, 1178 (10th Cir. 2009), that requirement extends only to "well-pleaded facts in the complaint." *Id.* The Court is not permitted to engage in speculation; the allegations must, in fact, be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Furthermore, the Court is not required to, and will not, "supply additional factual allegations to round out a plaintiff's complaint." *Whitney*, 113 F. 3d at 1173-74.

Having reviewed the Complaint according to the proper standards, the Court concludes that it is deficient as set forth herein. However, it appears that Plaintiff may be able to cure some of the deficiencies by amendment, and thus should be permitted to file an amended complaint.

Although Plaintiff has not expressly sought leave to amend, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Leave to amend is not automatic, however, and should not be authorized if the circumstances and the governing law render an amendment futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Anderson v. Suiters*, 499 F. 3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if "the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F. 3d 1195, 1199 (10th Cir. 2006).

In accordance with the foregoing standards, the Court considers Defendants' Motions directed at each of the challenged causes of action asserted in the Complaint.

Conversion:

As Defendants correctly argue, Oklahoma does not recognize a cause of action based on conversion of an intangible property interest. "The common law rule in Oklahoma is that only tangible personal property may be converted." *Beshara v. Southern Nat. Bank* , 928 P.2d 280, 289, n. 26 (Okla. 1996) (citations omitted); *Shebester v. Triple Crown Insurers* 826 P.2d 603, 608 (Okla.1992). "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Welty v. Martinaire of Oklahoma, Inc.*, 867 P.2d 1273, 1275 (Okla.1994) (citing *Steenbergen v. First Fed. Sav. & Loan*, 753 P.2d 1330 (Okla.1987)). Conversion does not lie for a debt. *Steenbergen*, 753 P.2d at 1332. Conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels of another." *Welty*, 867 P. 2d at 1275(citing Black's Law Dictionary, 4th ed.). Defendants are correct that Oklahoma has not recognized a cause of action based on conversion of intellectual property. *KT Specialty Distribution, LLC v. Xlibris Corp.*, 2008 WL 4279620, at *4 (N.D. Okla. Sept. 11, 2008) (unpublished opinion) (denying leave to amend to assert a claim for misappropriation or conversion of intellectual property).

Defendants also argue that, even if Plaintiff alleged a cognizable conversion claim, it must be dismissed because that claim is preempted by federal copyright law. As Benham points out in its brief, the Copyright Act specifically states that it provides exclusive protection for material copyrighted, and it preempts both state common law and statutory provisions regarding such rights. 17 U. S. C. § 301(a). Federal preemption exists if the work at issue is within the scope of the subject

matter of the copyright protected by federal law and if the rights available under state law are equivalent to those within the scope of federal copyright protection. *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985). Defendants contend that Plaintiff's allegations in the Complaint establish that these elements are satisfied.

In response, Plaintiff argues that it has asserted a claim cognizable under Oklahoma law because it seeks the return of tangible property; it further argues that, as a result, the claim is not preempted because the Tenth Circuit has held preemption does not extend to conversion of tangible property. *See Ehat*, 780 F.2d at 878. According to Plaintiff, the tangible property at issue consists of the written documents reflecting the alleged copyrighted intellectual property; it alleges that the Complaint seeks the return of the same as a remedy for the alleged conversion.

Having reviewed the factual allegations, the Court agrees with Defendants that Plaintiff's allegations are logically construed as alleging conversion of intangible copyrighted intellectual property. Although the Court disagrees with Plaintiff's contention that the Complaint as drafted presents a plausible factual basis for a claim based on conversion of tangible property, the Court cannot conclude that it would be futile to allow Plaintiff to amend for the purpose of properly pleading such a claim. Accordingly, the motions to dismiss the conversion claim are granted; however, the Court authorizes Plaintiff to include such a claim, supported by proper factual allegations which are not preempted by the Copyright Act, in an amended complaint.

<u>Breach of Contract/Tortious Interference with Contract:</u>

Plaintiff's third cause of action is entitled "Breach of Contract/Tortious Interference." In its motion, Benham seeks dismissal of this claim because the Complaint does not allege that Plaintiff had a contract with Benham and because Plaintiff has failed to plead facts to show the essential

elements of a claim for tortious interference with contractual or business relations. Gardner seeks dismissal to the extent the tortious interference claim is asserted against it.

In response, Plaintiff asserts that its breach of contract claim is asserted against Gardner, with whom it had a contract; it also asserts that the tortious interference claim is asserted only against Benham. Plaintiff apparently contends that its allegations, as drafted, are sufficient to support the assertion of the claims against the respective defendants.

However, the Complaint as drafted does not separate these two claims. In fact, the third cause of action is asserted against "defendants" collectively, and separate factual contentions are not asserted against the two entities. Complaint, ¶¶ 21-25. Although the Complaint separately alleges that Plaintiff and Gardner had a contract, the fact that the allegations in the third cause of action assert a breach by Defendants collectively leads to the logical conclusion that this claim is asserted against both. To the extent Benham's motion seeks dismissal of the breach of contract claim against it, the motion is granted; Plaintiff admits it had no contract with Benham.

Benham also seeks dismissal of the tortious interference claim set forth in the third cause of action. To state a claim for tortious interference, a plaintiff must plead facts to show that 1) the plaintiff had a business or contractual right with which the defendant interfered; 2) the interference was malicious and wrongful and was not justified, privileged, or excusable; and 3) the plaintiff incurred damages proximately caused by the wrongful interference. *Gabler v. Holder and Smith, Inc.*, 11 P.3d 1269, 1278 (Okla. 2000). Even construing the allegations most liberally in Plaintiff's favor, the Complaint fails to plead facts to establish these essential elements.

With respect to Benham, Plaintiff alleges that it "knew or should have known a contract existed between Plaintiff and Gardner Tanenbaum that restrict the rights to use the Plaintiff's

instruments of service." Complaint, ¶ 23. It also alleges that "defendants" knew or should have known their conduct would infringe Plaintiff's copyright. *Id.* at ¶ 22. Plaintiff avers that Defendants' conduct warrants imposition of punitive damages, contending the conduct was wanton, willful, and in reckless disregard of Plaintiff's rights.

Plaintiff has failed to allege sufficient facts from which the Court can conclude it has a plausible claim against Benham for tortious interference, as the facts as pled appear to be based on the alleged copyright infringement and not on a separate right derived from Plaintiff's contract with Gardner. Accordingly, the motion to dismiss this claim is granted. However, the Court cannot conclude that Plaintiff cannot plead facts which could state a plausible claim for relief on this basis; accordingly, Plaintiff is authorized to include such claim in an Amended Complaint.

<u>Copyright infringement:</u>

Plaintiff's first cause of action alleges that both defendants infringed a copyright covering Plaintiff's "instruments of service" because they "copied, prepared derivative works and otherwise exploited" the instruments of service. Complaint at ¶ 16. Although Plaintiff alleges that this claim is based on a copyright registered with the United States Copyright Office, it does not, however, identify the copyright with sufficient particularity to satisfy this Court's requirements. Defendants do not seek dismissal of this cause of action pursuant to Fed. R. Civ. P. 12(b)(6); instead, they ask the Court to require Plaintiff to allege the specific information required by the Local Civil Rules of this Court. As Defendants correctly argue, the Local Civil Rules of this Court expressly require specific information in support of copyright infringement claims:

> Complaints filed in copyright, trademark, and patent cases shall cite therein the copyright registration number, trademark number, or patent number. If such number is unavailable at the time of filing, the complaint shall recite a serial number or other identification number obtained from the Registrar of Copyrights or the

Commissioner of Patents and Trademarks.

LCvR 3.6. Plaintiff's Complaint clearly fails to include this necessary information. Although Plaintiff attaches to its response brief an exhibit which it contends evidences the copyright on which its claim is based, that submission is insufficient to comply with the local rule. Inasmuch as the Court is granting Plaintiff leave to amend, it may cure this deficiency by including the necessary information in the Amended Complaint.

Defendants' motion to stay this litigation:

Defendants argue that, because the state court action was filed prior to this lawsuit and asserts the same contractual claims which must be adjudicated in this case, the Court should stay this litigation until the state court action is adjudicated. Defendants correctly note that this Court has the inherent authority to control the disposition of cases on its docket and ensure judicial economy. *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F. 3d 1222, 1227 (10th Cir. 2003). Defendants also argue that a stay is appropriate under the *Colorado River* doctrine, which is applicable where pending federal and state actions are parallel. *Colorado River Water Conservation District v. United States*, 424 U. S. 800, 818 (1976). Plaintiff objects, arguing that the state court action does not involve the same contractual claims as it asserts in this case.

The Court concludes that issuance of a stay is premature. In this Order, Plaintiff is being authorized to file an Amended Complaint, and the Court cannot properly determine whether its claims duplicate those in the state court action until the Amended Complaint is filed. Furthermore, the Court is not aware of the current status of the state court action. Therefore, the Motion is, in this regard, denied at this time. However, Defendants may again request a stay, if warranted, after the filing of the Amended Complaint.

Conclusion:

For the foregoing reasons, the Defendants' Motions to Dismiss [Doc. Nos. 13 and 14] are GRANTED; to the extent Defendants seek a stay of these proceedings, the motions are DENIED without prejudice to the reassertion of that request. Plaintiff is authorized to file an Amended Complaint no later than 20 days from the date of this Order. Defendants' responses to the Amended Complaint shall be filed according to the deadlines in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this 18th day of November, 2009.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE