# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ARCHITECTS COLLECTIVE, )
)
        Plaintiff, )
)
vs. ) NO. CIV-08-1354-D
)
GARDNER TANENBAUM GROUP, L. L. C., )
  and THE BENHAM COMPANIES, L. L. C., )
)
        Defendants. )

## ORDER

On November 18, 2009, the Court entered its Order [Doc. No. 17] granting the separate motions to dismiss filed by Gardner Tanenbaum Group, L. L. C. ("Gardner") and by The Benham Companies, L. L. C. ("Benham"). In the Order, the Court found that, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's conversion and breach of contract or tortious interference with contract claims failed to state claims upon which relief may be granted; the Court also granted the defendants' request that Plaintiff plead a more definite statement in support of its copyright claim. Because the Court also concluded that the Complaint's deficiencies could be cured by amendment, Plaintiff was granted leave to amend; Plaintiff then filed its Amended Complaint.

Now before the Court are the motions to dismiss filed separately by Benham [Doc. No.23] and by Gardner [Doc. No. 25][1]; pursuant to Fed. R. Civ. P. 12(b)(6), each defendant seeks dismissal of Plaintiff's claims of conversion and tortious interference with contract. Plaintiff timely responded, and Benham and Gardner filed reply briefs. Benham and Gardner also ask the Court to stay the remaining copyright and breach of contract claims, arguing that those claims are also

---

[1]In its Motion, Gardner does not present legal argument or authority, but adopts in full the brief submitted by Benham.

pending in a parallel state court proceeding; they contend the resolution of the state proceeding will dispose of those claims.

I. Background:

In the Amended Complaint, Plaintiff alleges it holds a copyright covering certain drawings and related written materials, identified as "instruments of service," related to the design and development of a multifamily housing project, known as "Lincoln Central Park," to be constructed in multiple phases in Oklahoma City (the "Project") . Plaintiff alleges that it entered into a contract with Gardner (the "First Contract") on April 15, 2004; according to the terms of the First Contract, Plaintiff was to provide services related to the design and preparation of written plans for development of the Project. Amended Complaint, ¶ 6. Plaintiff alleges that, on February 26, 2006, it entered into a Letter of Engagement (the "Second Contract") with Gardner whereby Plaintiff would provide similar services for subsequent phases of the Project. *Id., ¶* 7. Plaintiff submits copies of the First Contract and the Second Contract (the "Contracts") as Exhibits 1 and 2, respectively, to the Amended Complaint.

According to Plaintiff, it prepared drawings, specifications and other documents (the "Instruments of Service") for the Project, and provided copies of the Instruments of Service to Gardner, as required by the Contracts; the Instruments of Service were copyrighted by Plaintiff, and the Contracts provided that they would remain Plaintiff's property. Pursuant to the Contracts, Gardner was prohibited from using the Instruments of Service in connection with work performed by others on the Project. Amended Complaint at ¶¶ 8-9. Plaintiff further alleges that, without Plaintiff's authorization, Gardner provided copies of the copyrighted Instruments of Service to Benham, which allegedly used the material in work it performed on the Project; Plaintiff alleges that

2

the defendants' conduct in copying that material constitutes copyright infringement; it also alleges that Gardner breached the Contracts by providing Plaintiff's copyrighted Instruments of Service to Benham. *Id.* at ¶ 10-11. Plaintiff also contends Benham copied and modified its Instruments of Service without Plaintiff's authorization, and Benham used the copyrighted material in preparing its own plans.

Based on this alleged conduct, Plaintiff asserts four causes of action: 1) a breach of contract claim against Gardner; 2) a tortious interference with contract claim against Benham; 3) a copyright infringement claim against both Gardner and Benham; and 4) a conversion claim against both defendants.

Prior to the filing date of this action, Gardner filed suit in the District Court of Oklahoma County, Case No. CJ-07-7216, against Plaintiff and another defendant, alleging causes of action based on breach of contract and negligence (the "state court action"). A copy of the Amended Petition filed in the state court action is submitted by Benham as Exhibit A to its motion. Plaintiff has asserted a counterclaim in the state court action; Benham submits a copy of Plaintiff's answer and counterclaim as Exhibit C to its motion. According to Benham, the counterclaim in the state court action asserts the same allegations as those included in the Amended Complaint filed in this lawsuit, a contention which Plaintiff disputes.

In their current motions, Benham and Gardner argue that the Amended Complaint fails to cure the pleading deficiencies of the original Complaint with respect to both the tortious interference and conversion claims. They ask the Court to dismiss those claims and to determine that further amendment would be futile. They also ask the Court to stay the balance of the claims until the state court action is completed.

II. Standards governing Rule 12(b)(6) motions to dismiss:

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1951 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true the assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Ashcroft,* 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-555).

4

III. Application:

A. Plaintiff's claim of tortious interference with a contract:

To state a claim of tortious interference with a contract under Oklahoma law, a plaintiff must plead facts to show that 1) the plaintiff had a business or contractual right with which the defendant interfered; 2) the interference was malicious and wrongful and was not justified, privileged, or excusable; and 3) the plaintiff incurred damages proximately caused by the wrongful interference. *Wilspec Technologies, Inc. v. DunAn Holding Group Co., Ltd.*, 204 F. 3d 69, 74 (Okla. 2009); *Mac Adjustment, Inc. v. Property Loss Research Bureau*, 595 P. 2d 427, 428 (Okla. 1979).

Defendants argue that the Amended Complaint is inadequate to support a tortious interference claim against Benham because Plaintiff has failed to allege facts to show that Benham induced or caused Gardner to breach its contract with Plaintiff or that the alleged interference was malicious and wrongful. As Defendants note, Plaintiff alleges in paragraph 7 of the Amended Complaint that Benham "cooperat[ed]" with Gardner in receiving the Instruments of Service and copying the same for Benham's use. Under Oklahoma law, tortious interference "can arise only when one who is not a party to a contract interferes with that contract by convincing one of the contracting parties to breach its terms." *Ray v. American National Bank & Trust Co.*, 894 P. 2d 1056, 1060 (Okla. 1994).

Oklahoma has adopted the Restatement (Second) of Torts ("Restatement") analysis of a claim for tortious interference with a contract. *See Morrow Development Corp. v. American Bank and Trust Co.*, 875 P. 2d 411, 416 (Okla. 1994) (applying Restatement § 766). According to the Restatement, the defendant's conduct must be sufficient to establish "inducing or otherwise causing" another party to breach the contract. Restatement (Second) of Torts § 766 (1977). "Inducing" is

5

defined as applicable to situations in which a party to the contract is free to choose between two courses of conduct, and the interferer causes him to choose one course of conduct. *Id.*, comment h. "Otherwise causing" applies to circumstances in which the interferer's conduct requires the contracting party to breach the contract. *Id.*

As Benham points out, the Amended Complaint allegation that Benham knew or should have known of the existence of Gardner's contract with Plaintiff is not sufficient to support a tortious interference claim. To be subject to liability for tortious interference, "the actor must have knowledge of the contract with which he is interfering *and* of the fact that he is interfering with the performance of the contract." Restatement (Second) Torts § 766, comment i (1977) (emphasis added).

Furthermore, Plaintiff's allegation that Benham and Gardner "cooperated" is not sufficient to satisfy the requirement that Benham induced Gardner to breach the contract. Plaintiff offers no authority to support a contention that a third party's mere cooperation with a contracting party is sufficient to constitute interference.

The Amended Complaint also alleges only that Benham knew of Gardner's contract with Plaintiff; it does not allege facts to show that Benham knew Gardner was contractually prohibited from providing copies of the Instruments of Service to Benham or that Benham knew its presumed request for such copies would constitute an interference with the contract. Plaintiff does not allege facts to show that Benham knew its conduct would interfere with Gardner's contractual obligations to Plaintiff.

The Amended Complaint also fails to allege facts to support the requisite element of malice. The Oklahoma Supreme Court has held the requisite element of malice "clearly requires a showing

6

of bad faith." *Tuffy's, Inc. v. City of Oklahoma City*, 212 P. 3d 1158, 1165 (Okla. 2009). Although Plaintiff alleges that Benham "maliciously and wrongfully undertook to interfere in the Contracts and the relations between Plaintiff and Gardner," and that such actions were not justified, privileged, or excusable, these allegations are conclusory recitations of the elements of the claim. Allegations which "amount to nothing more than a 'formulaic recitation of the elements'" are insufficient as a matter of law to state a plausible claim for relief. *Ashcroft,* 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-555). Plaintiff has failed to plead *facts* showing that Benham knew its conduct would interfere with Gardner's contractual obligations and *facts* which could support malice. Further, Plaintiff does not allege that Benham knew the Contracts prohibited Gardner from providing the Instruments of Service to Benham.

The Court agrees with Defendants that the Amended Complaint fails to state a claim for relief as to the cause of action based on tortious interference with contract. The allegations in the Amended Complaint do not cure the pleading deficiencies of the original Complaint as to this cause of action. Accordingly, Plaintiff's claim for tortious interference with a contract must be dismissed.

Defendants also ask the Court to determine that Plaintiff should not be authorized to again amend to attempt to state a claim for relief. As Defendants point out, although leave to amend should be freely granted, the Court is not required to grant leave where an amendment would be futile. *Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009) (unpublished opinion) (citing *E. Spire Communications, Inc. v. New Mexico Public Regulation Comm'n*, 392 F. 3d 1204, 1211 (10th Cir. 2004)).

Defendants ask the Court to conclude that, because Plaintiff has previously sought unsuccessfully to amend to state a tortious interference claim, the Court need not give it yet another

7

chance to do so. "Repeated failure to cure deficiencies by amendment is itself grounds for denying leave to amend." *Janis v. Story & Associates*,1997 WL 545569, at *1(10th Cir. Sept. 4, 1997) (unpublished opinion) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)); *see also Mountain View Pharmacy v. Abbott Labs.*, 630 F. 2d 1383, 1389 (10th Cir. 1980).

In this case, the Defendants' motions to dismiss the tortious interference claim in the original Complaint discussed in detail the factual allegations required to state a claim for relief. The Court's Order dismissing the tortious interference claim also discussed the requisite factual allegations. Notwithstanding these explanations, Plaintiff has failed to include sufficient facts to state a plausible claim for relief on this basis; instead, Plaintiff includes conclusory statements reciting the elements of the claims. Accordingly, the Court concludes that granting leave to further amend would be futile[2].

The motions to dismiss the tortious interference with contract claim are GRANTED. Leave to amend is not authorized.

B. Plaintiff's claim for conversion:

Defendants also argue that the Amended Complaint does not cure the pleading deficiencies in Plaintiff's conversion claim, contending that Plaintiff bases this claim on the alleged conversion of intangible property. Furthermore, they contend that the facts alleged establish that this claim is preempted by copyright law.

---

[2]Plaintiff's asserted right to relief is not impacted by the dismissal of this claim because, as Defendants point out, the allegations in the Amended Complaint with regard to the claim of tortious interference are essentially the same as those comprising Plaintiff's copyright infringement claim. The latter claim is based on the contention that Gardner and Benham cooperated in the unauthorized copying of Plaintiff's copyrighted Instruments of Service; Defendants do not seek dismissal of the copyright infringement claim.

As Defendants correctly argue, Oklahoma does not recognize a cause of action based on conversion of an intangible property interest. "The common law rule in Oklahoma is that only tangible personal property may be converted." *Beshara v. Southern Nat. Bank*, 928 P.2d 280, 289, n. 26 (Okla. 1996) (citations omitted); *Shebester v. Triple Crown Insurers* 826 P.2d 603, 608 (Okla.1992). "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein"; it has been defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels of another." *Welty v. Martinaire of Oklahoma, Inc.*, 867 P.2d 1273, 1275 (Okla.1994) (citing *Steenbergen v. First Fed. Sav. & Loan*, 753 P.2d 1330 (Okla.1987) and Black's Law Dictionary (4th ed.)). Oklahoma has not recognized a cause of action based on conversion of intellectual property. *KT Specialty Distribution, LLC v. Xlibris Corp.*, 2008 WL 4279620, at *4 (N.D. Okla. Sept. 11, 2008) (unpublished opinion) (denying leave to amend to assert a claim for misappropriation or conversion of intellectual property).

Plaintiff argues that its conversion claim is not based on intangible property but on the misappropriation of the documents constituting the Instruments of Service. Because these consist of tangible items including drawings and related documents, Plaintiff contends that its claim is cognizable under Oklahoma law.

As Benham points out in its reply brief, however, the Amended Complaint does not allege that Gardner converted the original Instruments of Service; in fact, Plaintiff expressly alleges that Gardner was authorized, by the Contracts, to possess the Instruments of Service. Amended Complaint ¶¶ 12, 19. Gardner cannot have converted the documents which the Contracts authorized it to possess. Plaintiff offers no authority to support the existence of a plausible claim against

9

Gardner on this basis.

Plaintiff also alleges, however, that Benham obtained and copied the Instruments of Service and utilized them to create its own documents. Plaintiff contends that its conduct in doing so constitutes conversion. The focus of Plaintiff's allegation is the contention that Benham wrongfully copied the content of the Instruments of Service to incorporate them in its own specifications and plans.

As the Court noted in its Order granting the motions to dismiss this claim in the original Complaint, the underlying focus of Plaintiff's contentions appears to be the alleged unlawful copying and use of the content of the Instruments of Service. Defendants argue in their current motions that
the Amended Complaint does not include factual allegations which could alter that conclusion. Plaintiff's conversion claim is based on the alleged use of Plaintiff's copyrighted intellectual property. Because the alleged converted property is intangible, Plaintiff does not plead a conversion claim cognizable under Oklahoma law. As such, the claim must be dismissed.

Even if these allegations were sufficient to state a plausible claim for relief, Defendants correctly argue that the conversion claim is preempted by federal copyright law. The Copyright Act specifically provides that it provides exclusive protection for material copyrighted, and it preempts both state common law and statutory provisions regarding the protection of the owner's rights. 17 U. S. C. § 301(a); *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985). Preemption extends to both legal and equitable rights. 17 U. S. C. § 301(a).

Plaintiff argues that its claim is not preempted because it seeks the return of tangible property. The Tenth Circuit has held that federal copyright preemption does not extend to

conversion of tangible property. *See Ehat*, 780 F.2d at 878.

In the Amended Complaint, Plaintiff alleges that its Instruments of Service, "composed of Drawings, Specifications, and other documents created by Plaintiff relating to the Project, are tangible personal property owned solely and exclusively by the Plaintiff." Amended Complaint at ¶ 18. Plaintiff alleges that, although Gardner was authorized to possess the Instruments of Service for the purposes set forth in the Contracts, it "wrongfully took" them for "its own benefit and use," and has released or copied the Instruments of Service "for release and improper use by Benham." *Id.* at ¶ 19. Plaintiff alleges that the foregoing occurred without its knowledge or consent and contrary to Plaintiff's property rights. *Id.* Defendants argue that these allegations do not alter the conclusion that Plaintiff's conversion claim is preempted by the Copyright Act.

Federal preemption exists if: 1) the work at issue is within the scope of the subject matter of the copyright protected by federal law, and 2) if the rights available under state law are equivalent to those within the scope of federal copyright protection. *R. W. Beck, Inc. v. E3 Consulting, LLC*, 577 F. 3d 1133, 1146-47 (10th Cir. 2009); *Ehat,* 780 F.2d at 878.

In this case, according to Plaintiff's own allegations in the Amended Complaint, the initial element is satisfied because the Instruments of Service are within the scope of Plaintiff's copyright. Plaintiff expressly alleges that "the Instruments of Service are duly registered, copyrighted works," and that the "Instruments of Service are properly registered with the United States Copyright Office as an Architectural Work." Amended Complaint, ¶¶ 8, 11. Thus, the specific material which Plaintiff contends was wrongfully converted is protected by the Copyright Act, and the initial element of preemption is satisfied.

The Court must next consider whether the rights asserted by Plaintiff in its conversion claim are the same as those protected by the Copyright Act. A claim alleging conversion is preempted if it is based on the alleged conversion of intellectual property; conversion of tangible property is not preempted. *Ehat*, 780 F. 2d at 878. Where the alleged conversion is based on the unauthorized copying of material protected by a copyright, the claim is preempted; in such cases, the elements of the conversion claim and the copyright infringement are the same. *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino and Resort*, 2007 WL 2701995, at *12 (D. Colo. Sept. 12, 2007) (unpublished opinion). As the Tenth Circuit has explained, however, a claim is not preempted if it requires proof of elements not essential to a copyright infringement claim:

> [I]f "a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim."

*La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F. 3d 1195, 1199 n. 2 (10th Cir. 2005), *abrogated on other grounds, Reed Elsevier, Inc. v. Muchnick*, __ U. S. __, 130 S. Ct. 1237, 1243 n. 2 (2010)( quoting *Gates Rubber Co. v. Bando Chemical Industries, Ltd.*, 9 F. 3d 823, 847 (10th Cir. 1993)).

Where a conversion claim is based on the defendant's unauthorized possession of copyrighted works and their subsequent copying and use, the claim is protected by the Copyright Act's prohibition against unauthorized reproduction and distribution of the copyrighted works. *R. W. Beck,* 577 F. 3d at 1147-48. Accordingly, the conversion claim is preempted. *Id.* Where a plaintiff's conversion claim seeks recovery of damages "flowing from" the "reproduction and distribution" of his copyright works, his rights are also protected by the Copyright Act and are preempted. *Ehat*, 780 F.2d at 877.

In this case, the Amended Complaint reflects that Plaintiff contends Benham took its copyrighted Instruments of Service, copied them, and modified them for its own use; Plaintiff contends Benham's modified copies are "substantially similar" to Plaintiff's copyrighted works. Amended Complaint, ¶ 20. Although it seeks the return of the "copies" allegedly made by Benham, it also seeks damages resulting from Benham's unauthorized use and copying of the Instruments of Service. *Id.*, ¶ 21.

The Court agrees with Defendants that Plaintiff's conversion claim is effectively the same as its copyright infringement claim, and the conversion claim is preempted by the Copyright Act. Accordingly, the conversion claim is dismissed. Because such claim is preempted, further amendment would be futile, and leave to amend is not authorized.

III. Defendants' motion to stay:

The Court's conclusion that the tortious interference and conversion claims must be dismissed without leave to amend does not dispose of this case. Remaining for adjudication are Plaintiff's copyright infringement and breach of contract claims. Defendants ask the Court to stay those claims pending the disposition of the state court action, arguing that the remaining claims in this action are also asserted in that action. Defendants contend a stay is appropriate under the Court's inherent authority to ensure judicial economy as well as the *Colorado River* doctrine, which authorizes a stay where pending federal and state actions are parallel. *Colorado River Water Conservation District v. United States,* 424 U. S. 800, 818 (1976). Plaintiff objects, and argues the state court action does not involve the same claims it asserts in this case.

At the time Benham's motion to dismiss was filed, the state court action was set for trial in April of 2010; however, the District Court of Oklahoma County's current docket sheet for the

case reflects that the April trial date was stricken, and the case is now set for a July 2010 pretrial conference.[3] The docket sheet does not reflect that a trial date has been scheduled.

Because of the motions to dismiss the Complaint and the Amended Complaint, the Court has not conducted a status and scheduling conference in this case. The Court concludes that doing so would allow the Court to more fully determine the status of the pending state court action. Accordingly, the Court finds that consideration of a stay of this action is inappropriate at this time. To that extent, Defendants' motions are denied.

V. Conclusion:

For the reasons set forth herein, Defendants' motions to dismiss Plaintiff's claim for tortious interference with a contract and for conversion [Doc. Nos. 23 and 25] are GRANTED, and leave to amend these claims is denied. Defendants' motion to stay is DENIED at this time, and the action will proceed on Plaintiff's remaining claims. This action will be set for a status and scheduling conference on the next available docket, and the parties will be notified accordingly.

IT IS SO ORDERED this 6th day of July, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3]Submitted as Exhibit D to Benham's motion is a copy of the docket sheet for the state court action. Although the docket sheet reflects that the case is set for trial in April 2010, a more recent docket sheet obtained from the electronic records of the Oklahoma County District Court shows that the April trial date was stricken; the current docket sheet shows a pretrial conference is scheduled in July, 2010.